# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CODY A. LONG,<br><br>                     Plaintiff,<br><br>v.<br><br>RANDALL BOUZEK and JOHN DOE,<br><br>                     Defendants. | Case No. 17-CV-1354-JPS<br><br>**ORDER** |

**1.      INTRODUCTION**

On October 27, 2017, the Magistrate Judge Nancy Joseph screened Plaintiff's complaint. (Docket #25). The complaint alleged that Defendants, two correctional officers, ignored Plaintiff when he reported that another inmate threatened to assault him. *Id.* at 3. The inmate made good on the threat later that same day. *Id.* Plaintiff was permitted to proceed on a claim under the Eighth Amendment for Defendants' alleged failure to protect Plaintiff from a known risk of harm. *Id.* at 3–4. The matter was reassigned to this branch of the Court on November 16, 2017. Plaintiff has never identified the John Doe defendant, and so the Court will dismiss him. *See* (Docket #32 at 2–3). Only Defendant Randall Bouzek (hereinafter "Defendant") remains.

On June 15, 2018, Defendant moved for summary judgment. (Docket #42). Plaintiff's response to the motion was due on or before July 16, 2018. Civ. L. R. 7(b). That deadline has long since passed and no response has been received. The Court could summarily grant Defendant's motion in light of Plaintiff's non-opposition. Civ. L. R. 7(d). However, as explained

below, Defendant also presents valid bases for dismissing Plaintiff's claim. For both of these reasons, Defendant's motion must be granted.

2.   **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3.   **FACTUAL BACKGROUND**

The relevant facts are undisputed because Plaintiff failed to dispute them. He filed nothing in response to Defendant's motion, though he was repeatedly instructed that this was essential. *See* (Docket #32 at 3; Docket #42 at 3–13). Without any responsive materials from Plaintiff, the Court must treat Defendant's proposed findings of fact as undisputed. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

The material facts, drawn from Defendant's statement of facts, (Docket #44), are as follows. In March 2017, Plaintiff was incarcerated at Waupun Correctional Institution ("Waupun"), a maximum security prison, and Defendant was employed there as a correctional officer. Plaintiff was

transferred from the restrictive housing unit ("RHU") to a regular cell assignment in Defendant's cell hall. Defendant assigned Plaintiff to an available cell on the "high" side of the cell hall. Plaintiff lied to Defendant, stating that another higher ranking officer had forbidden him from being on the high side of that hall. Defendant took Plaintiff at his word and picked another available cell on the "low" side. This was one of only a few cells available, as the hall was close to capacity.

Plaintiff went to the cell but came back soon after, claiming that the new cell would not work either. When Defendant asked why, Plaintiff stated that he and his cell mate "won't get along." (Docket #45 ¶ 13). Defendant had no knowledge of any dispute history between Plaintiff and the cellmate or any restriction preventing Defendant from putting the two together in a cell. Defendant told Plaintiff he could return to the RHU if he feared for his safety, but Plaintiff declined. Defendant was busy with moving other inmates, so another officer escorted Plaintiff back to the cell. Plaintiff was later involved in physical altercation with his cellmate.

Defendant explains that many of Waupun's inmates have assaultive histories and do not get along with their cellmates. Cell assignments are established using many criteria related to safety and security. While inmate preferences are taken into account, officers cannot accommodate every request for a different cell assignment. However, if an inmate truly fears for their safety, and they communicate this concern to staff, it will be investigated. In Plaintiff's case, he had the option to return to the RHU, or he could have been truthful about the prohibition on high side placement.

4. ANALYSIS

As noted above, Plaintiff was allowed to proceed on an Eighth Amendment "failure-to-protect" claim. To survive Defendant's motion for

summary judgment, Plaintiff needed to offer evidence from which a reasonable jury could find that 1) he faced a substantial risk of serious harm, 2) Defendant knew of the risk, and 3) Defendant disregarded the risk. *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011). *Wilson* further explains:

> [A] generalized risk of violence is not enough, for prisons are inherently dangerous places. Instead, [Plaintiff] must [show] a tangible threat to his safety or well-being. Such a threat must reflect that he is subject to a substantial risk of future harm. A substantial risk of serious harm is one in which the risk is so great that it is almost certain to materialize if nothing is done. [T]he conditions presenting the risk must be sure or very likely to cause . . . needless suffering, and give rise to sufficiently imminent dangers.

*Id.* (citations and quotations omitted); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004) ("[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more. Guards cannot turn away persons committed by the courts; nor do individual guards have any control over crowding and other systemic circumstances. All that can be expected is that guards act responsibly under the circumstances that confront them. . . . Guards . . . must discriminate between serious risks of harm and feigned or imagined ones, which is not an easy task given the brief time and scant information available to make each of the many decisions that fill every day's work.") (citation omitted).

    The undisputed facts demonstrate that Plaintiff cannot establish any of the required elements of his claim. First, Plaintiff's fear about not getting along with his cellmate fell far short of reporting an almost certain risk of serious harm. Second, neither Plaintiff's complaint nor any other information available to Defendant put Defendant on notice of such a risk. Finally, as busy as he was, Defendant did not disregard Plaintiff's vague

complaint. He gave Plaintiff the option of returning to the RHU, and Plaintiff chose to stay. Plaintiff cannot blame Defendant for the consequences of his choice.

**5. CONCLUSION**

On the undisputed facts presented, summary judgment is appropriate in Defendant's favor on Plaintiff's claim against him. The Court must, therefore, grant Defendant's motion and dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant John Doe be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that Defendant Randall Bouzek's motion for summary judgment (Docket #42) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge